**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawnella Hinton,<br><br>    Plaintiff,<br><br>vs.<br><br>Social Security Administration,<br><br>    Defendant. | No. CV-11-704-PHX-LOA<br><br>**ORDER** |

This matter is before the Court on review of *pro se* Plaintiff's Amended Complaint. (Doc. 13) For the reasons set forth below, the Court will direct Plaintiff to file a Second Amended Complaint in compliance with this Order.

**I. Procedural History**

On April 8, 2011, Plaintiff filed a Complaint apparently seeking review of the denial of her application for disability benefits under Titles II and XVI of the Social Security Act. Plaintiff also filed an application to proceed *in forma pauperis*, which the Court granted. (Doc. 4) Plaintiff has consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636. (Doc. 9) Because Plaintiff's Complaint did not comply with Federal Rule of Civil Procedure 8, the Court directed Plaintiff to filed an Amended Complaint on or before August 5, 2011. (Docs. 6, 12) On August 5, 2011, Plaintiff timely filed an Amended Complaint.

**II. Discussion**

  **A. Screening Standard**

The Court has previously granted Plaintiff's application to proceed *in forma pauperis*

and now reviews the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 1915(e)(2), a district court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must still satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than unadorned, the-defendant-unlawfully harmed -me accusations." *Ashcroft v. Iqbal*, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

**B. Proper Defendant**

Plaintiff's Amended Complaint names the Social Security Administration as the only Defendant. The Social Security Administration is not a proper defendant in an action challenging the denial of Social Security Benefits. Rather, the Commissioner of Social Security, presently Michael J. Astrue, is the proper defendant in such an action. 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"). Title 20 CFR § 422.210(d) elaborates:

> Proper defendant. Where any civil action described in paragraph (a) of this section is instituted, *the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant*. Any such civil action properly instituted shall survive notwithstanding any change of the person holding the Office of the Commissioner or any vacancy in such office. If the complaint is erroneously filed against the United States or against any agency, officer, or employee of the United States other than the Commissioner, the plaintiff will be notified that he has named an incorrect defendant and will be *granted 60 days from the date of receipt* of such notice in which to commence the action against the correct defendant, the Commissioner.

20 CFR § 422.210 (emphasis added). Plaintiff's Amended Complaint does not identify the proper defendant. Plaintiff shall properly name Michael Astrue, the Commissioner of Social Security, and *not* the Social Security Administration, in her Second Amended Complaint.

**C. Timeliness of Appeal**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 374 (1994). Federal courts presumptively lack jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the court *sua sponte*. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996).

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which provide, in pertinent part, that:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> \*   \*   \*
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought

under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g), (h). Section 405(g) and (h), therefore, operate as a statute of limitations establishing the time period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). Because the time limit set forth in 42 U.S.C. § 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479. "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson v. Astrue*, 2008 WL 4506606, * 3 (E.D.Cal., Oct.7, 2008).

Here, Plaintiff's Amended Complaint does not contain any dates relevant to her administrative proceedings. Although Plaintiff attached several documents related to the administrative proceedings to her original Complaint, doc. 1, those materials are not part of the Amended Complaint and will not be considered by the Court. Local Rule of Civil Procedure 15.1 requires that an amended complaint be complete in itself. LRCiv.P 15.1 (stating that an "amended pleading is not to incorporate by reference any part of the preceding pleading, including exhibits."). This is because an amended complaint supersedes the original complaint. *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once a plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Plaintiff's Amended Complaint does not include any dates related to her application for disability benefits and the denial related thereto. Therefore, by solely reviewing the Amended Complaint, the Court cannot determine whether Plaintiff's filing is timely.

Upon receiving a denial of benefits, a plaintiff has sixty days to file an appeal with the Appeals Council. 20 C.F.R. §§ 404.967, 404.968. When the Appeals Council reviews the case, it will either affirm, modify, or reject the administrative law judge's ("ALJ") recommendation.

- 4 -

It may also remand the case. 20 C.F.R. §§ 404.979, 404.977. The Appeals Council's decision is binding unless a party files an action in federal district court within sixty days of the Appeals Council's decision. 20 C.F.R. §§ 422.210, 404.981. Thus, prior to filing an appeal in federal court, Plaintiff must establish that an appeal with the Appeals Council was filed. Any complaint filed in federal court must then be filed within sixty days of the Appeals Council's decision. Plaintiff's Amended Complaint fails to demonstrate that she has filed an appeal with the Appeals Council, and makes no mention of the decision or the outcome.

As set forth above, Plaintiff's Second Amended Complaint must establish that her case is properly before the Court and is timely. Plaintiff may not rely on any previously filed pleading or exhibits, but must file a Second Amended Complaint which is complete within itself.

**D. Plaintiff's Allegations**

Liberally construing the Amended Complaint, Plaintiff alleges that she was denied disability benefits. She alleges that (1) Defendant erred in failing to consider the supporting materials from Plaintiff's doctor's, counselors, family, and psychiatrist, (2) the decision denying her application for benefits appears to be based on information that does not pertain to Plaintiff, and (3) Defendant considered only a "limited selection of documentation submitted by Plaintiff" in rejecting her claim for benefits. Plaintiff's allegations appear sufficient to survive review under § 1915(e)(2).

**E. Leave to Amend**

Although Plaintiff's Amended Complaint contains the deficiencies noted above, the Court will allow Plaintiff to file a Second Amended Compliant. Plaintiff is reminded that an amended complaint supercedes a previously filed complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), and must be complete in itself without reference to a prior or superceded pleading.

For the foregoing reasons,

**IT IS ORDERED** that the Amended Complaint is dismissed with leave to amend.

Plaintiff's Second Amended Complaint is due within **sixty** (60) **days** of the date she receives this Order. Absent a showing of good cause, Plaintiff's failure to timely file a Second Amended Complaint may result in dismissal of this action for failure to comply with a court order.

DATED this 9th day of August, 2011.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge