**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawnella D. Hinton,<br><br>Plaintiff,<br><br>vs.<br><br>Michael Astrue, Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-11-704-PHX-LOA<br><br>**ORDER** |

This case arises on the Court's determination that *pro se* Plaintiff did not file her opening brief by the court-ordered deadline of Monday, June18, 2012. The parties have consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 9, 24) This appeal is dismissed without prejudice due to Plaintiff's failure to file a timely opening brief and comply with the Court's order.

**I. Background**

This Social Security appeal was initiated upon the filing of the Complaint on April 8, 2011, seeking review of the Social Security Administration's denial of Plaintiff's application for disability benefits under Titles II and XVI of the Social Security Act. *See* 42 U.S.C. § 405(g). (Doc. 1)  Because Plaintiff's Complaint did not comply with Federal Rule of Civil Procedure 8, the Court directed Plaintiff to file an Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2). (Docs. 6, 12)  An the Amended Complaint was timely filed on August 5, 2011. (Doc. 13)  Michael Astrue, the Commissioner of the Social Security Administration ("Commissioner"), filed an Answer on February 16, 2012, and a

1  Notice of filing Certified Administrative Transcript of Record on February 21, 2012.
2  (Docs. 28-29)
3        Pursuant to Rule 16(b), Fed.R.Civ.P., the Court issued a Social Security
4  scheduling order on February 24, 2012, setting forth the various deadlines for the orderly
5  manage-ment of this appeal. (Doc. 30)  One such deadline was that within sixty days from
6  the filing of Defendant's Notice re Filing Certified Copy of Administrative Transcript,
7  Plaintiff must file an opening brief in the form prescribed by civil Local Rule ("LRCiv")
8  16.1. Plaintiff failed to timely file an opening brief and was given a generous amount of
9  time to do so, considering her *pro se status*, the opening brief was initially due on April
10 23, 2012 ("Within sixty (60) days from the filing of Defendant's Notice re Filing Certi-
11 fied Copy of Administrative Transcript, doc. 29 [.]"), and this appeal is nearly 15 months
12 old.
13       On May 4, 2012, the Court issued an Order to Show Cause, ordering Plaintiff to
14 file her opening brief as required by the scheduling order or show cause in writing on or
15 before May 18, 2012 why this appeal should not be dismissed without prejudice for
16 failure to comply with the Court's scheduling order. (Doc. 32)  Plaintiff filed a Response
17 to the OSC and Motion for Extension of Time to Filing Opening Brief. (Docs. 33-34)
18 Because Plaintiff claimed she "never received Defendant's Answer or Certified Copy of
19 Administrative Transcript[,]" doc. 34 at 1, the Court discharged its OSC and granted
20 Plaintiff's Motion for Extension of Time to File Opening Brief, ordering Plaintiff to file
21 her opening brief within 17 consecutive days from the date the Commissioner's Notice
22 was filed. (Doc. 35)
23       On May 24, 2012, the Court ordered the Commissioner to mail a complete copy of
24 its Notice of Filing Certified Administrative Transcript of Record and all attachments,
25 doc. 29, to Plaintiff's last known address listed on the Court's docket no later than May
26 31, 2012, and immediately file a Notice with the Court after it did so which must reflect
27 the date of mailing and the address to which the documents were mailed. The Court
28 further ordered that Plaintiff had 17 consecutive days from the date the Commissioner's

1  Notice was filed to file her opening brief and forewarned her there would be no further
2  extensions of time for Plaintiff to file an opening brief. The Court warned Plaintiff that if
3  her opening brief was not timely filed, this appeal would be summarily dismissed without
4  further notice. (Doc. 35)

5  On May 30, 2012, the Commissioner filed his Notice of Mailing Paper Copy of
6  Administrative Record to Plaintiff, reflecting he mailed Plaintiff, through the U.S. Postal
7  Service, a copy of his Answer, Notice of Filing Certified Administrative Transcript of
8  Record, and all its attachments. (Doc. 36)  Also, the Commissioner's Notice indicates he
9  mailed a two-volume paper copy of the administrative record and its attachments to
10 Plaintiff's last-known address identified in her Motion to Extend Time and the docket -
11 2551 W. McLellan Blvd., #107, Phoenix, Arizona 85017. (*Id.*)

12 As previously stated, Plaintiff had 17 consecutive days, which included the time
13 for mailing, from the date the Commissioner's May 30, 2012 Notice was filed for Plain-
14 tiff to file her opening brief. (Doc. 35)  The Court calculates 17 consecutive days from the
15 filing of the Commissioner's Notice to be June 16, 2012 which fell on a Saturday, which
16 gave Plaintiff to and including Monday, June18, 2012 within which to file her opening
17 brief. To date, Plaintiff has not filed an opening brief.

18 **II. Governing Law**

19 It is well established that a district court has the authority to dismiss an action if a
20 plaintiff fails to prosecute her case or comply with court orders. *See* Rule 41(b), Fed.R.
21 Civ.P.; *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (trial court has
22 authority to dismiss for lack of prosecution in order to prevent undue delay in disposing
23 pending cases and avoiding congestion in court calendars); *Hells Canyon Pres. Council v.*
24 *U .S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b)
25 for failure to prosecute or comply with the civil procedure rules or court orders); *In Re*
26 *Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute adversary proceedings in
27 bankruptcy court); *Ferdik v. Bonzelet*, 936 F.2d 1258, 1260 (9th Cir. 1992) (district courts
28 have the inherent power to control their dockets and, in the exercise of that power, may

1 impose sanctions for failure to comply with court orders, including, where appropriate,
2 dismissal of a case without prejudice); *Sambrano v. Opferbeck*, 2012 WL 1946844
3 (D.Ariz. May 30, 2012). Moreover, Rule 16(f)(1)(C) permits the court to sanction a party
4 who "fails to obey a scheduling or other pretrial order." Rule 16(f)(1)(C), Fed.R.Civ.P.

5     Federal Rule of Civil Procedure 41(b) provides that "[i]f a plaintiff fails to prose-
6 cute or to comply with these rules or a court order, a defendant may move to dismiss the
7 action or any claim against it. . . ."[1] Rule 41(b), Fed.R.Civ.P.  A trial court has "broad dis-
8 cretion in the matter of dismissing an action for want of diligent prosecution." *Schmidt v.*
9 *Wallenius Line*, 455 F.2d 1088 (9th Cir. 1972).

10     Under Rule 41(b), the court must consider the following five factors before
11 dismissing an action for failure to prosecute: (1) the public's interest in expeditious
12 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice
13 to the defendants; (4) the public policy favoring the disposition of cases on their merits;
14 and (5) the availability of less drastic sanctions. *Ferdik*, 963 F.2d at 1260-1.

15     In the instant action, the first two factors - public interest in expeditious resolution
16 of litigation and the need to manage the Court's docket - weigh in favor of dismissal.
17 Plaintiff has twice failed to comply with the Court's order regarding filing her opening
18 brief, despite being warned of the consequences and was granted sufficient time in which
19 to do so. Plaintiff's conduct hinders the Court's ability to move this case towards
20 disposition which is now nearly 15 months old, which indicates that Plaintiff has not
21 litigated this action diligently.

22     The third factor - prejudice to defendants - also weighs in favor of dismissal.
23 Moreover, "[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal,
24 even in the absence of a showing of actual prejudice to the defendant . . . ." *In re Eisen*,

---

[1] "[The plain language of Rule 41(b) suggests that such dismissals may only result from a defendant's motion, . . . the consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances." *Hells Canyon*, 403 F.3d at 689 (citations omitted).

- 4 -

1  31 F.3d at 1452 (internal quotation marks omitted). Nothing suggests that such a
2  presumption is unwarranted in this case.

3  The fourth factor - the public policy in favor of deciding cases on their merits -
4  ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move her
5  case towards disposition at a reasonable pace, and avoid dilatory and evasive tactics.
6  *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged
7  this responsibility, despite having been granted sufficient time in which to do so. In these
8  circumstances, the public policy favoring resolution of disputes on the merits does not
9  outweigh Plaintiff's failure to obey court orders or file an opening brief within the
10 reasonable time allowed. Furthermore, having considered her *pro se* status, the Court
11 liberally construed Plaintiff's Complaint, and found that it was subject to dismissal
12 without prejudice for failure to state a plausible claim, and even though the likelihood of
13 success on the appeal's merits was slight, Plaintiff was given an opportunity to amend her
14 Complaint as required by Ninth Circuit precedent. *Schrock v. Federal Nat. Mortg. Ass'n*,
15 2011 WL 3348227, * 9 (D.Ariz. August 3, 2011) (quoting *Lopez v. Smith*, 203 F.3d 1122,
16 1127 (9th Cir. 2000)). As she was informed, although *pro se* pleadings are liberally
17 construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must still
18 comply with the Federal Rules of Civil Procedure and court orders. (Doc. 16 at 2)  *See*
19 *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Al-
20 though pro se, [s]he is expected to abide by the rules of the court in which [s]he liti-
21 gates.") (citations omitted).

22 The fifth factor - availability of less drastic sanctions - also weighs in favor of
23 dismissal. The Court attempted to ensure Plaintiff possessed a complete copy of the
24 administrative record to assist her in filing a opening brief. It was made clear to her the
25 consequences of her failure to do so. The Court cannot move this appeal towards a final
26 disposition without Plaintiff's compliance with the Court's orders. Plaintiff has shown
27 that she is either unwilling or unable to comply with court orders by, for example, filing
28 an opening brief. Other possible sanctions for her delay are not appropriate with respect

- 5 -

1  to any litigant; otherwise, court orders would be hollow and meaningless.

2  Under the circumstances, dismissal without prejudice for failure to prosecute and
3  comply with court orders is appropriate. Such a dismissal should not be entered unless the
4  plaintiff has been notified that dismissal was imminent or a certainty if she failed to
5  comply with a court order. *See West Coast Theater Corp. v. City of Portland*, 897 F.2d
6  1519, 1523 (9th Cir. 1990); *Hamilton v. Neptune Orient Lines Ltd.*, 811 F.2d 498, 499
7  (9th Cir. 1987). Plaintiff was warned of the certainty of dismissal in the Court's May 24,
8  2012 order if she failed to file a timely opening brief. (Doc. 35 at 2) ("[I]f Plaintiff's
9  opening brief is not timely filed, this action will be summarily dismissed without further
10 notice.").

11 Accordingly,

12 **IT IS ORDERED** that this appeal is **DISMISSED** without prejudice in its
13 entirety. The Clerk of the Court is kindly directed to terminate this case.

14 After this order was written and while waiting for the order to be docketed by the
15 Clerk, Plaintiff filed an untimely Motion to Extend Time to File Opening Brief. (Doc.
16 38)

17 **IT IS FURTHER ORDERED** that Plaintiff's June 22, 2012 Motion to Extend
18 Time to File Opening Brief, doc. 38, is **DENIED**.

19 Dated this 25th day of June, 2012.

Lawrence O. Anderson
United States Magistrate Judge